**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSA M. SUAREZ SANCHEZ, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] <br><br> Defendant. | Case No. CV 12-0532 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Rosa M. Suarez Sanchez ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the ALJ improperly rejected her credibility. (*See* Joint Stip. at 4-13, 16.) The Court disagrees.

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

*Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ presented *two* reasons[2] in support of his credibility determination.

First, the ALJ observed that, though Plaintiff certainly had hypertension and asthma, the results from her cardiovascular stress test indicated that those conditions were not as severe as she alleged them to be. (AR at 40-41); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (inconsistencies with objective evidence, when combined with other factors, is a valid reason for rejecting a claimant's testimony). Specifically, the test results revealed that Plaintiff had a "fair" exercise capacity, and terminated the test only due to fatigue, not shortness of breath. (AR at 940.)

Similarly, the ALJ noted that Plaintiff's complaints of a "gradually worsening polyarthralgias" – joint pain that first affected her hands, wrists, and shoulders, but then expanded to her neck and knees – are inconsistent with the medical record, which suggested milder symptoms. (AR at 40; *see* AR at 324.) An x-ray of Plaintiff's right hand, for instance, demonstrated no abnormalities. (AR at 311.) Likewise, an examination noted that her knees were normal, except for an "incidental finding of a bipartite left patella." (AR at 763.) A spinal MRI revealed only "mild degenerative changes." (AR at 313.) Indeed, Plaintiff's physical examinations indicated, at most, only mild to moderate joint tenderness throughout her body. (AR at 325, 517-19, 982-83.) Given such inconsistencies, the ALJ committed no error here.

Second, the ALJ observed that Plaintiff's allegedly disabling foot pain

---

[2] Both Plaintiff and Defendant discuss various reasons for the ALJ's credibility determination that are not actually stated by the ALJ. (*See* Joint Stip. at 4-16.) The Court limits its discussion here, as it must, to only those reasons asserted by the ALJ in his decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

1  appeared to be resolved with minimal treatment.[3/]  (AR at 39); *see Fair v. Bowen*,
2  885 F.2d 597, 604 (9th Cir. 1989) (ALJ properly considered discrepancies between
3  claimant's allegations of pain, and the nature and extent of treatment obtained).  In
4  November 2006, an x-ray of Plaintiff's feet exhibited a "un-united fracture."  (AR at
5  40; *see* AR at 310.)  After initial treatment with a cast, Plaintiff underwent surgery in
6  March 2008, and subsequently complained of only "occasional mild discomfort."
7  (AR at 327.)  By September 2008, the condition appeared to be resolved, as Dr.
8  Scott Forman, Plaintiff's treating orthopedic surgeon, found "no objective factors of
9  impairment" in her left lower extremity.  (AR at 616.)  In light of such compelling
10  evidence of recovery, the ALJ thus properly rejected the severity of pain alleged by
11  Plaintiff.
12      Accordingly, the Court finds that substantial evidence supported the ALJ's
13  decision that Plaintiff was not disabled.  *See Mayes v. Massanari*, 276 F.3d 453,
14  458-59 (9th Cir. 2001).
15      Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
16  **AFFIRMING** the decision of the Commissioner denying benefits.

18  Dated: March 28, 2013

19                                      _____
20                                      Hon. Jay C. Gandhi
21                                      United States Magistrate Judge

---

23  [3/]   The ALJ also cited evidence from Dr. Grant Williams regarding Plaintiff's
24  participation in an outpatient pain management program, where she made
    "significant improvement in both physical and emotional areas."  (AR at 40.)  This
25  reason does not appear to be tied to any *specific* complaints by Plaintiff, and thus
26  fails to demonstrate any inconsistencies that may discredit her.  *See Lester v. Chater*,
27  81 F.3d at 834.  Regardless, considering the adequacy of the other reasons provided
    by the ALJ, this error is harmless.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d
28  1190, 1195 (9th Cir. 2004).